IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNA BURNS, individually and on behalf of all SIMILARLY-SITUATED CITIZENS OF Illinois, Iowa and Arkansas, <br><br> Plaintiffs, <br><br> vs. <br><br> GENERAL MILLS SALES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3:21-cv-1099-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Donna Burns ("Burns")[1] brings this putative class action against Defendant General Mills, Inc. ("General Mills"),[2] alleging that General Mills deceptively labelled one of its food products. Burns claims that the labeling was false and intended to deceive the consumer in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*; the Iowa and Arkansas consumer fraud acts; state law express and implied warranties of merchantability and the Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq.*; and resulted in negligent misrepresentation, common-law fraud, and unjust enrichment.

General Mills filed a motion to dismiss the complaint. (Doc. 17). General Mills contends that the Complaint should be dismissed with prejudice under Rule 12(b)(6)

---

[1] Plaintiff is a citizen of Illinois. (Doc. 1, p. 10).
[2] General Mills is a Delaware corporation with a principal place of business in Minneapolis, Minnesota. (Doc. 1, p. 10).

because it fails to plausibly allege facts to support deception under the "reasonable consumer" standard and/or because it is expressly preempted under 21 U.S.C. § 343-1(a)(3) to the extent that it demands labeling that is not identical to federal requirements. General Mills also contends that the Complaint's request for injunctive relief fails under Rule 12(b)(1) because Burns lacks Article III standing.

The motion has been fully briefed and is ripe for decision. (Docs. 17, 24 & 25).[3] For the following reasons, the motion is due to be **GRANTED** in part.

## I.  FACTUAL BACKGROUND

General Mills manufactures, labels, markets, and sells a dry mix identified as "Fudge Brownie Mix," under the Betty Crocker brand ("the product"). (Doc. 1, p. 1). The Complaint provides the following images of the product:

**Front of Product's Box**     **Side Panel of Product's Box**



---

[3] The Court has also reviewed the supplemental authority filed by General Mills. (Docs. 28, 30 & 34).

(Doc. 1, pp. 1 & 13).

Burns alleges that use of the word "fudge" is misleading because reasonable consumers "expect [fudge] means a non-*de-minimis* relative amount of dairy ingredients containing milk fat." (Doc. 1 at 7). More specifically, Burns contends that use of the word "fudge" represents that the product contains "butter and milk, in their dry form instead of substitutes for these ingredients in the form of vegetable oils." (Doc. 1 at 13). According to Burns, even though the product is a dry mix, "which cannot accommodate traditional dairy ingredients for obvious reasons, consumers expect at least a semblance of fudge ingredients, *viz*, dairy ingredients." (Doc. 1, p. 8). *See also Id.* (alleging that dry fudge cake mixes with milkfat "exist in the marketplace and are not technologically or otherwise unfeasible to produce.").

According to the Complaint, a review of fudge definitions demonstrates that a central component of fudge is one or more dairy ingredients containing milkfat. (Doc. 1, pp. 2-6 (citing dictionary definitions of fudge: Wikipedia – "type of sugar candy that is made by mixing sugar, butter and milk;" Google Dictionary – "a soft candy made from sugar, butter, and milk or cream;" Cambridge Dictionary – "a soft sweet made from sugar, butter, and milk;" Collins Dictionary – "a soft brown candy that is made from butter, cream, and sugar.").

The Complaint also relies on recipes from "confectionary experts." (Doc. 1, p. 3). For instance, the Complaint notes that "Molly Mills, one of today's leading authorities on

3

fudge," describes fudge as being made "most commonly from butter, milk, sugar, and chocolate." (Doc. 1, p. 2). Similarly, the Complaint indicates that the Oxford Companion to Sugar and Sweets notes that "Traditionally, fudge is made by gently boiling granulated sugar and milk…adding butter…" (Doc. 1, p. 2). The Complaint also notes that some cooking websites emphasize the importance of using dairy ingredients and caution against using butter substitutes when making fudge:

> One popular website echoes the importance of dairy ingredients to fudge, advising, "When making fudge, be sure to use good quality butter and do not substitute margarine (vegetable oils)," since they contain more water and can prevent the fudge from setting up properly"
>
> Another site cautions, "look for recipes that call for butter instead of margarine (vegetable oils)."
>
> One chef recommends to "Never use margarine (vegetable oils) instead of butter, because your fudge won't taste as good and will have a shorter shelf life."

(Doc. 1, p. 6).

Burns also contends that using dairy ingredients, as compared to vegetable oils, results in a better tasting product and avoids the negative effects of vegetable oils (e.g., Doc. 1, p. 5 (dairy ingredients "impart a creamy rich taste to fudge" and melt "at about mouth temperature," while vegetable oils "do not melt at mouth temperature and leave a waxy mouthfeel."); Doc. 1, p. 8 (alleging that consumption of dairy ingredients with milk fat does not have the negative effects on cholesterol compared to vegetable oils)).

Burns claims that she would not have purchased the product, or would have paid less for it, had she known the product "lack[ed] essential fudge ingredients – dairy ingredients with milkfat – and substitute[ed] lower quality and lower-priced palm

oil."(Doc. 1, pp. 2,9). She also seeks injunctive relief, claiming members of the putative class continue to face injury because the allegedly deceptive practice is ongoing. (Doc. 1, p. 13). She asks the Court to order General Mills to stop the allegedly deceptive practices and representations, disgorge profits, pay restitution to the putative class members, and pay punitive damages, fees, and costs. (Doc. 1, p. 16).

General Mills has moved to dismiss Burns' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; and to dismiss the claim for injunctive under Federal Rule of Civil Procedure 12(b)(1), for lack of standing. Plaintiff responds that she is not required, at the pleadings stage, to establish that the use of the term fudge is clearly misleading. Rather, she only needs to establish that her interpretation of the labeling is facially plausible. *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 494 (7th Cir. 2020) (Kanne, J. concurring). Plaintiff asks that the Court deny Defendant's motion to dismiss or, in the alternative, grant her leave to file an amended complaint.

## II.  MOTION TO DISMISS STANDARD

### A.    Rule 12(b)(6)

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Twombly,*

550 U.S. at 555 and quoting FED. R. CIV. P. 8(a)(2)). The court will accept all well-pleaded allegations as true. *Iqbal*, 556 U.S. at 678. However, the court will not accept legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 677–78). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Arnett*, 658 F.3d at 751–52 (internal quotations and citation omitted).

**B.     Rule 12(b)(1)**

General Mills asserts that Burns lacks standing to assert a claim for injunctive relief, thus divesting the Court of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1). To have standing, Burns must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).

### III. ANALYSIS

**A.     ICFA**

ICFA safeguards "consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010) (internal citation and quotation marks omitted). To state an ICFA claim, a plaintiff must allege "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive

6

or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Id.* Further, "a complaint 'must plead sufficient acts or facts relied upon to establish the fraud', and fraud must be a necessary or probable inference from the facts alleged." *People ex rel. Hartigan v. E & E Hauling, Inc.*, 607 N.E.2d 165, 174 (Ill. 1992) (internal citation and quotation marks omitted).

Here, the parties primary dispute involves the first element: whether General Mills engaged in deceptive or unfair acts or practices. To sufficiently allege deceptive conduct, a plaintiff must allege conduct that plausibly could deceive a reasonable consumer in light of all the information available to the consumer. *See Phillips v. DePaul Univ.*, 19 N.E.3d 1019, 1031 (Ill. App. Ct. 2014). Accordingly, the question is "whether the allegedly false and misleading statements can be read to create a likelihood of deception or to have the capacity to deceive" a reasonable consumer. *Bober v. Glaxo Wellcome PLC*, 246 F.3d, 934 938 (7th Cir. 2001). To clear this bar, Burns' pleadings must establish "a probability that a significant portion of the general consuming public…, acting reasonably in the circumstances, could be misled." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (internal citations and quotation marks omitted). *See also*, *Ebner*, 838 F.3d at 965 (there must be "more than a mere possibility that [a] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.").

This standard requires a "practical and fact-intensive approach to consumer behavior." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 478 (7th Cir. 2020). Thus, how reasonable consumers would interpret an ambiguous food label is typically a question of

7

fact that should not be decided on the pleadings. *See id.* at 483. But "a court may dismiss the complaint if the challenged statement was not misleading as a matter of law." *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015) (citing *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 940 (7th Cir. 2001)).

According to Burns, the only food items that can accurately be described as fudge are ones that contain dairy ingredients with milkfat. Burns insists that this is a universal truth as evidenced by cooking websites, dictionaries, cookbooks, and "definitions held by confectionary experts." (Doc. 1, pp. 2-8). Burns' Complaint, however, tacitly concedes that fudge can be made without milk or butter. (*See* e.g., Doc. 1, p. 5 ("The fat ingredients [in fudge] are *typically from dairy or vegetable oils.*") (emphasis added); Doc. 1, p. 2 ("Molly Mills, one of today's leading authorities on fudge," describes fudge as being made "*most commonly* from butter, milk, sugar, and chocolate.") (emphasis added); Doc. 1, p. 6 (noting that one cooking website cautions "look for recipes that call for butter instead of margarine (vegetable oils)."). Thus, Burns' own complaint refutes the claim that there is a single universal definition of fudge – one that always includes milk and butter – and implicitly admits that fudge can be made with nondairy ingredients, such as vegetable oil or margarin. At most, Plaintiff has alleged that fudge *typically* or *commonly* includes dairy ingredients, or that milk and butter are *preferred* ingredients when making fudge. But she has not alleged that these ingredients are *always* present in fudge, let alone that a significant portion of the general consuming public expects all fudge products to contain milk and butter.

Also telling is the Complaint's reliance on a cookbook[4] written by Molly Mills who, according to Burns, is "one of today's leading authorities on fudge." (Doc. 1, p. 2). Mills' cookbook includes several fudge recipes that omit butter, milk, and/or chocolate.[5] For example, Mills' recipe for raspberry and coconut fudge includes only coconut butter, coconut oil, maple syrup, and raspberries. Her recipe for peanut butter and chocolate fudge includes only coconut butter, maple syrup, peanut butter, vanilla extract, and dark baking chocolate, and her recipe for cayenne fudge includes almond milk, margarine, sugar, dark chocolate, cocoa powder, vanilla extract, cinnamon, and pepper. Thus, Ms. Mill's cookbook does not support Burns' limited definition of fudge. On the contrary, it confirms that fudge is sometimes made without butter and milk.

The Central District of Illinois reached the same conclusion in a near-identical case in *Reinitz v. Kellogg Sales Co.,* 2022 WL 1813891 (C.D. Ill. June 2, 2022). In *Reinitz*, the plaintiff – represented by Burns' counsel[6] in the instant case – took issue with the alleged lack of milkfat ingredients, which she claimed were "integral to fudge," in Kellogg's Frosted Chocolate Fudge Pop-Tarts. The Court found that the plaintiff's complaint did not meet the reasonable consumer standard. In so holding, the Court stated as follows:

---

[4] Molly Mills, *Come Get Your Fudge: 40 Tasty and Creative Fudge Recipes for Everyone* (2019), attached hereto as Exhibit A. *See also Reinitz v. Kellog Sales Co.,* 2022 WL 1813891 (C.D. Ill. June 2, 2022) (Doc. 7-2).

[5] Burns cites to Mills cookbook in her complaint and thereby incorporates it by reference. Accordingly, the Court may consider it in resolving the pending motion to dismiss. *See* Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 690 (7th Cir. 2012) ("[T]he incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment.").

[6] This lawsuit is one of hundreds of lawsuits filed by Burns' counsel alleging misleading food packaging. *See*, e.g., Boswell v. Bimbo Bakeries USA, Inc., 2021 WL 5144552, at *1 (S.D.N.Y. Nov. 4, 2021) ("This case is the latest in a long string of putative class actions brought by the same lawyer alleging that the packaging on a popular food item is false and misleading.").

> While Plaintiff identifies evidence to support that credible third parties opine that "milkfat is the central component of fudge," Ms. Mills, whom Plaintiff has identified as an authority, has formulated a variety of fudge recipes in which milkfat is not an ingredient. Whether or not experts agree, Plaintiff fails to support that the average consumer would believe a fudge product must, of necessity, contain milkfat.

*Id*. at 3.

Similar decisions in consumer fraud cases regarding products with "fudge" on the label were rendered recently by district courts in the Northern District of Illinois and the Southern District of New York. In *Lederman v. Hershey Co.*, 2022 WL 3573034 (N.D. Ill. Aug. 19, 2022), the plaintiff – also represented by Burns' counsel in the instant case – alleged that it was misleading for Hershey to label its product fudge when it "lack[ed] ingredients essential to hot fudge – cream and whole milk – and substitutes lower quality and lower priced vegetable oil, skim milk, and whey." *Id*. at 1. In dismissing the plaintiff's consumer fraud claim, the district court explained as follows:

> But even if the reasonable confectionery expert deems milkfat essential to fudge, Plaintiff has not shown that the reasonable 21st century *consumer* has the same expectations. Nowhere in the complaint does Plaintiff allege that the reasonable consumer defines "fudge" according to classic recipes created by experts….Plaintiff misunderstands that the "reasonable consumer" standard is not based on a "consistent" understanding across random subgroups. Instead, the reasonable consumer standard asks whether there is a probability that a significant portion of the *general consuming public* * * * acting reasonably in the circumstances, could be misled.

*Id*. at 4 (internal quotations and citations omitted, emphasis supplied).

In *Spurck v. Demet's Candy Company, LLC.*, 2022 WL 2971957, at *1 (S.D.N.Y. July 27, 2022) the plaintiff – once again represented by Burns' counsel in the instant action –

claimed that the defendant's "white fudge" covered pretzels lacked ingredients essential to fudge, namely butter and milk, and instead included vegetable oils. After reviewing the plaintiff's arguments, which appear to be substantially similar to the arguments here, the court held that "a reasonable consumer is not likely to be reasonably misled by the Product's packaging. A reasonable consumer would not infer that the Product was made with a specific fudge recipe or ingredient without additional representations on the packaging." *Id.* at 3.

Here, Burns argues that the packaging in the instant case is misleading because all fudge contains specific ingredients, namely milk and butter. But the allegations in Burns' own complaint demonstrate that fudge can be made without butter or milk. As previously noted, alleging that milk and butter are commonly used or even preferred in fudge making is not the same as alleging that fudge *must* contain milk and butter. Moreover, General Mills never claimed that its fudge was made using a specific recipe or specific ingredients, let alone that it was made using milk and butter. Absent such additional representations, no reasonable consumer would conclude fudge brownie mix necessarily contains milk and butter. Therefore, the Court finds that a reasonable consumer is not likely to be reasonably misled by General Mills' packaging in this instance.

**B.      Iowa and Arkansas Consumer Fraud Claims**

Burns' claims pursuant to Iowa and Arkansas state consumer fraud statutes also fail. As Plaintiff herself admits, the consumer fraud statutes in Iowa and Arkansas are "similar" to ICFA (*see* Doc. 1, p. 12 n.18), and thus also measure claims of deception based

on the reasonable consumer. As discussed above, Burns did not sufficiently allege that the reasonable consumer would find the Fudge Brownie Mix label misleading, thus she is unable to demonstrate any deceptive act on Defendant's part. *See Reinitz,* 2022 WL 1813891, at *5.

C.     **Express and Implied Warranty and the Magnuson Moss Warranty Act**

Plaintiff brings claims for breach of express warranty, breach of implied warranty, and violation of the Magnuson-Moss Warranty Act ("MMWA"), asserting that "[t]he Product was manufactured, labeled, and sold by defendant and expressly and impliedly warranted to plaintiff and class members that it contained fudge made with the expected dairy ingredients of butter and milk, in their dry form, instead of substitutes for these ingredients in the form of vegetable oils." (Doc. 1, p. 14).

To proceed on an Illinois claim for breach of express warranty, Plaintiff must sufficiently plead that the defendant: "(1) made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) guaranteed that the goods would conform to the affirmation or promise." *Kmak v. Sorin Grp. Deutschland GmbH*, 2017 WL 8199974, at *5 (N.D. Ill. Dec. 12, 2017). In a claim for breach of an implied warranty, plaintiff must allege that "(1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect. *Baldwin v. Star Scientific, Inc.*, 78 F. Supp. 3d 724, 741 (N.D. Ill. 2015).

General Mills contends Burns' warranty claims fail for the same reason as her ICFA claim – she has failed to plausibly allege deception. As discussed above, use of the

12

term "fudge" is not a guarantee or promise that the product will be made using a specific fudge recipe or that it will contain dairy products. Further, Burns does not allege that the product's ingredient's list inaccurately represents the product's content. Burns has not sufficiently alleged that the product did not comport with its packaging. As such, her claims for breach of express and implied warranties fail.

This means that Burns MMWA claim also fails. A consumer's ability to state a claim under the MMWA "is dependent on the existence of an underlying viable state-law warranty claim." *Schiesser v. Ford Motor Co.*, 2016 WL 6395457, at *4 (N.D. Ill. Oct. 28, 2016). Accordingly, Burns' MMWA claim must be dismissed.

D.   **Other Common Law Claims**

   1.   **Negligent Misrepresentation**

The elements of negligent misrepresentation are

> (1) a false statement of a material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance when the party making the statement is under a duty to communicate accurate information.

*Capiccioni v. Brennan Naperville, Inc.*, 791 N.E.2d 553, 562 (Ill. App. Ct. 2003).

Burns' negligent misrepresentation claim also fails. As discussed throughout this opinion, Burns has not plausibly alleged that General Mills made a false statement of a material fact. As such, she cannot meet the first element of a claim for negligent misrepresentation. Accordingly, this claim must be dismissed.

13

### 2. Fraud

To state a claim for common-law fraud, a plaintiff must plead: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement. *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir. 2007). Burns has failed to plausibly allege that General Mills' product contained a false statement. As previously discussed, Burns' own allegations refute the claim that fudge *always* includes milk and butter. Therefore, Burns fails to establish that the "fudge" description on the label was a false statement, or that General Mills intentionally made a false statement.

### 3. Unjust Enrichment

General Mills correctly asserts that Burns cannot proceed with a claim for unjust enrichment where she has failed to successfully plead an underlying deceptive act under ICFA. *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) ("[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim."); *Avon Hardware Co. v. Ace Hardware Corp.*, 998 N.E.2d 1281, 1287–88 (Ill. Ct. App. 2014) (fraud and negligent misrepresentation claims require false statement). Accordingly, this claim is also dismissed.

E.  **Injunctive Relief and Preemption**

Because the Court finds that Burns has failed to state a claim upon which relief can be granted, it need not address General Mills' arguments as to Burns' lack of standing or federal preemption.

## IV.  CONCLUSION

For the foregoing reasons, General Mills' motion to dismiss is **GRANTED.** Out of an abundance of caution, Burns will be given an opportunity to file an amended complaint. Burns' amended pleading is due on or before September 14, 2022. If an amended complaint is not filed by that date, or any extension of the deadline granted by the Court, the dismissal will be converted to "with prejudice" and a final judgment consistent with Federal Rule of Civil Procedure 58 will be entered.

**SO ORDERED.**

Dated: August 30, 2022

_____
DAVID W. DUGAN
United States District Judge